

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JOSEPH BEASON,

        **Plaintiff,**

v.

TAKHAR COLLECTION SERVICES, LTD.;
and DOE 1-5,

        **Defendants.**

C   12cv4160
     Judge Kocoras
     Mag. Judge Soat Brown

---

## COMPLAINT

### (Jury Trial Demanded)

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.     This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in collection efforts against Plaintiff while Plaintiff so resided.

1

## PARTIES

3.      Plaintiff, JOSEPH BEASON (hereinafter "Mr. Beason" or "Plaintiff"), is a natural person residing in Chicago, Illinois.  Defendant, TAKHAR COLLECTION SERVICES, LTD. (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 1623 Military Road, Suite 537 in Niagara Falls, New York.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendants TAKHAR COLLECTION SERVICES, LTD. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4.      Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5.      In late 2010 Defendants began contacting Mr. Beason at his telephone number of (312)944-4497 in an attempt to collect a consumer debt alleged owed by an individual Mr. Beason has no knowledge of.

6.      Defendants often called Mr. Beason early in the morning, prior to 9:00am with the use of an automated dialer and pre-recorded message demanding a return call. It is estimated that Defendants called Mr. Beason over 60-times.

7.      Mr. Beason called Defendants at least 4-times in 2010 and again on May 2 and May 3, 2011. Each time he called, Mr. Beason advised Defendants that they had the wrong number and to stop calling him.

8.      Being unable to terminate the calls, Mr. Beason retained counsel with Robert Amador of Centennial Law Offices.

9.      On May 20, 2011, Mr. Amador called Defendants and advised Defendants that they were calling Mr. Beason's number in error and to terminate the calls. The calls through May 26, 2011.

10.     On May 26, 2011, Mr. Amador contacted Defendants again and again advised Defendants that they were calling Mr. Beason's number in error and to terminate the calls.

## CAUSES OF ACTION

### COUNT I

10.     Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692b(3) with regards to Plaintiff as follows: (1) Defendants continued to contact Plaintiff after being informed that Defendants had the wrong number and to stop calling.

## COUNT II

11.     Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d by: 1.) Continuing to contact Plaintiff after being advised that Defendants were calling the wrong number and to stop calling; and 2.) Harassing Plaintiff with an excessive number of calls.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendant for recovery of damages as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $1,955.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date:  May 22, 2012

JOSEPH BEASON
(In Pro Se)
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119